UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY OLIVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-cv-936-NAB |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE**

This matter is before the Court upon review of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed by petitioner Gregory Oliver. Because it does not appear that petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as required by 28 U.S.C. § 2254(a), the Court will require him to show cause why the petition should not be dismissed for want of jurisdiction.

**Background**

In the instant petition, petitioner challenges his 1987 convictions for first degree murder and assault that were entered in the Circuit Court for the City of St. Louis. *State v. Oliver,* 791 S.W.2d 782 (Mo. Ct. App. 1990). Petitioner was originally sentenced to life imprisonment without the possibility of parole. *See id.* In the instant petition, petitioner avers he pursued various remedies in the Missouri State courts, most recently by filing a petition for writ of habeas corpus in the matter *Oliver v. McSwain,* No. 14AC-CC00500 (19th Jud. Cir. 2014).

Independent review of the publicly-available records from *Oliver v. McSwain,* along with review of the instant petition and documents petitioner attached thereto, show the following. In 2005, then-governor Bob Holden commuted petitioner's sentences to life with the possibility of

parole. In 2007, petitioner was paroled from the Missouri Department of Corrections, and in 2018, the Missouri Board of Probation and Parole granted petitioner a full discharge from parole supervision. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**Discussion**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (citing 28 U.S.C. § 2254(a)). Here, petitioner alleges his place of confinement as "In a Wrongful Conviction." (ECF No. 1 at 1). However, it appears that his sentence has expired, and that he has been discharged from supervision. As such, it appears he is no longer "in custody" for purposes of § 2254(a). *See id.* at 492 (a petitioner whose sentence has expired and who has been unconditionally released is no longer "in custody" for habeas purposes). It therefore appears this Court lacks jurisdiction to reach the merits of the instant petition, and the Court will direct petitioner to show cause why the petition should not be dismissed for want of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and within thirty (30) days of the date of this Memorandum and Order, why the petition should not be dismissed for lack of jurisdiction.

**Petitioner's failure to timely comply with this order shall result in the dismissal of this action without prejudice and without further notice.**

*[signature]*

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2020.