UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY OLIVER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-936-NAB |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Gregory Oliver's response to this Court's August 12, 2020 order directing him to show cause why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed for lack of jurisdiction. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court will dismiss this action for lack of jurisdiction.

**Background**

Petitioner filed the petition to challenge his June 15, 1987 convictions for first degree murder and first degree assault, for which he was originally sentenced to life imprisonment without the possibility of parole. *See State v. Oliver,* 791 S.W.2d 782 (Mo. Ct. App. 1990). Petitioner avers that he pursued various remedies in the Missouri State courts, most recently by filing a petition for writ of habeas corpus in the matter *Oliver v. McSwain,* No. 14AC-CC00500 (19th Jud. Cir. 2014). The Court has reviewed the publicly-available records from that case,[1] along with the petition and

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

the documents petitioner attached thereto. Such review shows that the Missouri Governor commuted petitioner's sentence to life with the possibility of parole in 2005, petitioner was paroled from the Missouri Department of Corrections in 2007, and the Missouri Board of Probation and Parole granted petitioner a full discharge from parole supervision in 2018. Petitioner filed the instant petition on or about July 9, 2020.

Petitioner initially filed the petition in the United States District Court for the Western District of Missouri. On July 14, 2020, the Honorable Gary A. Fenner ordered the matter transferred to this United States District Court, and this Court reviewed the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon such review, the Court determined that because petitioner's sentence had expired and he had been fully discharged from supervision before he filed the petition, he was not "in custody" for purposes of 28 U.S.C. § 2254(a), and this Court therefore lacked jurisdiction to reach the merits of the petition. On August 12, 2020, the Court entered an order explaining the foregoing, and gave petitioner the opportunity to show cause why the petition should not be dismissed for want of jurisdiction.

In the response now before the Court, petitioner acknowledges his discharge from parole supervision. However, he avers he faces collateral consequences that amount to a restraint of his liberty, and argues that "the presence of collateral consequences flowing from his conviction gives the Court the jurisdiction to determine the constitutional validity of the conviction." (ECF No. 10 at 1). Citing *Carafas v. LaVallee,* 391 U.S. 234 (1968) and *Sibron v. New York,* 392 U.S. 40 (1968), petitioner argues that the fact he is "no longer in custody in any traditional sense does not automatically moot his claim for relief nor defeat Federal Jurisdiction over this matter." (ECF No. 10 at 5). Petitioner also sets forth claims for relief based upon various infirmities in his State court proceedings, and he claims he is actually innocent of the crimes of which he was convicted.

2

## Discussion

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The United States Supreme Court has interpreted the statutory language as requiring the habeas petitioner to be "in custody" under the challenged conviction or sentence at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) (citing *Carafas,* 391 U.S. at 238). The "in custody" requirement is a jurisdictional requirement. *Id.* at 490.

As noted above, petitioner was discharged from parole supervision in 2018, before he filed the instant petition. While the Court recognizes that petitioner continues to face collateral consequences from his 1987 convictions, those consequences provide no basis for jurisdiction. In *Maleng*, the Supreme Court addressed a situation like the one at bar, where the petitioner filed a petition for habeas relief after he had been unconditionally discharged from the challenged sentence. 490 U.S. 488 (1989). In concluding that collateral consequences cannot satisfy the jurisdictional "in custody" requirement, the Court wrote: "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.

Petitioner's reliance upon *Carafas* is misplaced. Unlike petitioner, the petitioner in *Carafas* filed his petition for writ of habeas corpus while he was incarcerated for the conviction he sought to challenge. 391 U.S. at 236. Before the conclusion of the habeas proceedings, the petitioner's sentence expired and he was unconditionally discharged from custody, and the State argued that the unconditional discharge rendered the case moot. *Id.* at 236-37. The Supreme Court rejected that argument, holding that the collateral consequences of the petitioner's conviction prevented the

3

case from being moot. *Id.* at 237-38. The Court also addressed the "substantial issue" of the effect of the petitioner's release upon the statutory "in custody" requirement. *Id.* at 238. The Court concluded that the petitioner's release did not terminate federal jurisdiction, but rested that holding not upon the collateral consequences of the conviction, but upon the fact that the petitioner was in custody under the challenged conviction at the time he filed the petition. *Id.* at 238-40.

Petitioner's reliance upon *Sibron v. New York* is also misplaced. In *Sibron,* the Supreme Court concluded that a criminal case is moot only if it is shown that there is no possibility that collateral legal consequences will be imposed on the basis of the challenged conviction. 392 U.S. at 57. In its discussion, the Court noted its opinion in *Carafas v. LaVallee* that a writ of habeas corpus was available to test the constitutionality of a state conviction where the petitioner had been in custody when he filed the petition, but was released before the Supreme Court could adjudicate his claims. *Id.* at 51. Nothing in the *Sibron* decision can be interpreted to mean that the collateral consequences of a conviction are sufficient to satisfy 28 U.S.C. § 2254(a)'s "in custody" requirement.

The negative implication of *Maleng* and *Carafas* for petitioner is that once a person has been unconditionally discharged from the sentence imposed for a conviction, the collateral consequences of that conviction are not themselves sufficient to render him "in custody" for the purposes of a habeas attack upon it. Therefore, because petitioner was not "in custody" as of the date he filed the petition, this Court lacks jurisdiction to reach the merits of the petition and must summarily dismiss it. *See Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (determining that the district court lacked jurisdiction to address the merits of a § 2254 petition that the petitioner filed after he had served the sentence for the conviction he was challenging).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v.*

4

*Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Gregory Oliver's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** for lack of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of September, 2020.

5